IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>　　　　　Plaintiff,<br><br>　　vs.<br><br>JAMES R. COLLINS AND ROBERT F. DIMEO,<br><br>　　　　　Defendants. | Case No.: 1:21-cv-05040<br><br>Honorable LaShonda A. Hunt |

**PLAINTIFF'S UNOPPOSED MOTION
FOR ENTRY OF FINAL JUDGMENT AGAINST DEFENDANTS**

Plaintiff, U.S. Securities and Exchange Commission ("SEC") respectfully moves for the entry of final judgement against Defendants James R. Collins ("Collins") and Robert F. DiMeo ("DiMeo") (collectively "Defendants"). In support of this unopposed motion, the SEC states as follows:

1. DiMeo pleaded guilty to criminal conduct relating to certain matters alleged in the complaint in this action. Specifically, in *United States v. Collins et al.*, 2-cr-232 (N.D. Ill) (the "Criminal Action"), DiMeo pleaded guilty to one count of violating 18 U.S.C. § 1341 and solely for purposes of computing his sentence, stipulated to committing an additional offense of bank fraud in violation of 18 U.S.C. § 1344.  *See* Criminal Action, Dkt. 127.  In connection with that plea, DiMeo admitted the facts set forth in his Plea Agreement that is appended to his Consent, which is attached hereto as Exhibit 1.

2. Collins also pleaded guilty to criminal conduct relating to certain matters alleged in the complaint in this action.  Specifically, in the Criminal Action Collins pleaded guilty to one count of mail fraud in violation of 18 U.S.C. § 1341 and solely for purposes of computing his sentence, stipulated to committing an additional offense of bank fraud in violation of 18 U.S.C. §

1344.  *See* Criminal Action, Dkt. 180.  In connection with that plea, Collins admitted the facts set out in the plea agreement that is appended to the Consent attached hereto as Exhibit 2.

3. In light of their criminal Plea Agreements, Defendants previously consented to the entry of bifurcated judgments in this action against them as to all non-monetary relief, including, among other things, permanent injunctions to not violate certain provisions of the federal securities laws and from serving as an officer or director of a public company. Dkt. 32 and 81. The Court entered the consent judgments against DiMeo and Collins on August 26, 2022 and March 11, 2025 respectively.  Dkt. 33 and 82.

4. As to monetary relief, Defendants agreed that following their criminal sentencings, the SEC would move the Court to determine whether it is appropriate to order (if so, the amounts) disgorgement of ill-gotten gains, prejudgment interest, and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  *See* Dkt 32 and 81., at ¶ 4.

5. Defendants have now both been sentenced in the Criminal Action. Specifically, Defendant Collins was, among other conditions, sentenced to a term of imprisonment of 48 months. Criminal Action, Dkt. 231. Defendant DiMeo was, among other conditions, sentenced to 1 day of incarceration and 12 months of supervised release. *Id.*, Dkt. 250.  In addition, Defendants were jointly ordered to pay restitution in the amount of $67,243,790.94. *Id*.  A portion of the loss amount included in the restitution order, $4.263,094.29, is attributable to the conduct in alleged in the Complaint in this action. *See Id*., Dkt. 222 at 9-10 and Dkt. 246 at 11.

6. As the Defendants' criminal sentencings are now complete, the SEC and the Defendants have agreed to a settlement of the claims against them and the entry of the proposed Final Judgment that would resolve all the relief the SEC seeks in this matter. The proposed Final Judgment is attached hereto as Exhibit 3.

7. The proposed Final Judgment would: (1) include all the injunctive relief the Defendants previously consented to and the Court entered; (2) order disgorgement against Collins in the amount of $450,000 representing his unjust enrichment from the conduct alleged in the Complaint, plus prejudgment interest thereon in the amount of $100,332 for a total of $550,332; (3) order disgorgement against DiMeo in the amount of $162,500 representing his unjust enrichment from the conduct alleged in the Complaint, plus prejudgment interest thereon in the amount of $36,231 for a total of $198,731; (4) deem the disgorgement and prejudgment interest thereon ordered against the Defendants satisfied by the restitution ordered against them in the Criminal Action; and (5) forgo any monetary penalties against Defendants in light of their criminal sentences.

8. This motion is unopposed since the Defendants have consented to all of the relief requested by the SEC.

**WHEREFORE**, the SEC respectfully moves for the entry of final judgment (Exhibit 3) against the Defendants.

Respectfully submitted this 2nd day of December 2025.

By: /s/ *David A. Nasse*

David A. Nasse (*pro hac vice*)
Jonathan Polish
U.S. SECURITIES & EXCHANGE COMMISSION
100 F Street N.E.
Washington, DC 20549
(202) 551-4426
nassed@sec.gov

*Attorneys for the Plaintiff*

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on December 2, 2025, he filed the foregoing document with the district court's CM/ECF system, which will automatically cause a copy of the document to be sent to all counsel of record.

                                                                      /*s*/ David A. Nasse